UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 11-21340-CIV-SEITZ/SIMONTON

ROBERT ZYGARLOWSKI,

    Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES, LTD.,

    Defendant.
_____/

## AFFIDAVIT OF DAVID BANCIELLA

**STATE OF FLORIDA**    )
                                 )   S.S.:
**COUNTY OF MIAMI-DADE**  )

    **BEFORE ME**, the undersigned authority, personally appeared DAVID BANCIELLA, who, after first being duly sworn, states as follows:

    1.    My name is David Banciella and the following Affidavit is made upon my personal knowledge.

    2.    I am presently employed by Royal Caribbean, and hold the position of Supervisor of Guest Claims.

    3.    In furtherance to a court hearing held on May 17, 2012, I was requested to perform a database search of our AIRTS system. The AIRTS database is a compilation of the reports of personal injury which are prepared in anticipation of litigation.

    4.    I have personal knowledge of the AIRTS database and frequently access it as part of my job responsibilities as the Supervisor of Guest Claims.


EXHIBIT 1

5. I personally researched the AIRTS database for the vessel *Monarch of the Seas*, and for the three year period prior to April 16, 2010. The search was performed with the intent of identifying the existence of prior similar accidents which occurred in the vicinity of the ramp structure on the starboard side of Deck 11 which was involved in the Plaintiff's alleged accident.

6. My research of the AIRTS database identified three reported incidents of personal injury which occurred in the vicinity of the ramp structure involved in the Plaintiff's alleged accident. The pertinent information concerning the three incidents is:

    A. Name: Myrna Newman
       Address: 5306 Stony Brook Drive
       Boynton Beach FL 33437
       Date: June 7, 2007
       Location Description: My wife Myrna Newman was going from the Windjammer Deck 11 Café to the poolside on the starboard side. As she approached the second door to the pool she tripped on an incline at the door opening and fell forward to the aft of the door.

    B. Name: Carol Davis
       Addrtess: 715 Azalea Avenue
       Fort Pierce FL 34982
       Date: November 12, 2008
       Location Description: Fell coming out door of Windjammer on Deck 11 trip over bump in floor before door.

    C. Name: Marion Reich
       Address: 30750 Jasmine Court
       North Olmstead OH 44256
       Date: November 13, 2008
       Location Description: Walking from restaurant to pool, tripped on uneven carpet of inclined walkway, metal part of door caught my sandal.

7. I am also familiar with the general layout of the Deck 11 starboard area aboard *Monarch of the Seas* and have reviewed photographs of the area taken as part of the AIRTS report in this matter.

8. I am also familiar with the deposition testimony of the Plaintiff given on December 15, 2011, and specifically reviewed his testimony on pages 57 – 59 of the transcript which identify the specific location of his alleged fall. The Plaintiff's deposition clearly establishes that Plaintiff claims he fell because the floor surface on the exterior/aft side of the sliding glass door was "uneven." Additionally, his testimony establishes his left foot cleared the sliding glass door threshold, and that Plaintiff's loss of balance occurred when Plaintiff placed his left foot, while taking his first step, on an alleged uneven floor surface.

9. I have carefully reviewed the entire content of the three AIRTS reports. A review of the materials which concern the June 7, 2007 incident involving passenger Newman confirms Ms. Newman was walking from the Windjammer Café aft toward the pool and tripped on an incline while approaching the second door to the pool. The incline identified by Ms. Newman is located on the interior side of the sliding glass door threshold and is not the exterior incline identified by Plaintiff as having caused his loss of balance and resulting fall.

10. A review of the materials which concern the November 12, 2008 incident involving passenger Davis confirms Ms. Davis was walking out of the Windjammer toward the aft of the ship and tripped over a bump in the floor before the door. The "bump" identified by Ms. Davis is located on the interior side of the sliding glass door threshold and is not the exterior incline identified by Plaintiff as having caused his loss of balance and resulting fall.

11. A review of the materials which concern the November 13, 2008 incident involving passenger Reich confirms Ms. Reich was walking out of the Windjammer restaurant toward the aft of the ship when she tripped on an uneven carpet of incline walkway, metal part of door caught her sandal. Both the incline walkway and the metal part of door identified by Ms.

Reich are not the exterior incline identified by Plaintiff as having caused his loss of balance and resulting fall.

12. Upon undertaking a diligent search of available AIRTS reports for the *Monarch of the Seas* during the three year period prior to April 16, 2010, I was unable to identify any reported incidents of passenger injury involving the carpeted exterior ramp which is adjacent to the starboard side aft sliding glass doors on Deck 11.

FURTHER AFFIANT SAYETH NAUGHT.

_____
DAVID BANCIELLA

The foregoing instrument was sworn to and subscribed before me, on this 22nd day of May, 2012, by DAVID BANCIELLA, who is personally known to me or who has produced identification.

JANET MARIE PALACIO
MY COMMISSION # DD 899236
EXPIRES: October 14, 2013
Bonded Thru Budget Notary Services

_____
NOTARY PUBLIC, State of Florida

Janet Marie Palacio
Printed Name of Notary Public

My Commission Expires: 10/14/13